# In the United States District Court for the District of Columbia

| | | |
|---|---|---|
| JENNIFER STARKEY | * | |
| Plaintiff | * | |
| v. | * | Case No: 1:03CV01588 |
| PRINCE GEORGE'S COUNTY, MD., et al., | * | |
| | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## *Motion to Dismiss*

Prince George's County, Maryland, one of the Defendants, by undersigned counsel, moves, pursuant to Rule 12(b)(2) and (3) of the Federal Rules of Civil Procedure, to dismiss the Complaint for lack of personal jurisdiction and improper venue for the reasons set forth in the memorandum filed herewith.

Respectfully submitted,

_____
D. Michael Lyles
Associate County Attorney
Trial Bar No. 453056
14741 Gov. Oden Bowie Drive
Room 5121
Upper Marlboro, MD 20772
(301)952-5225
FX (301)952-3071

# In the United States District Court for the District of Columbia

| | | |
|---|---|---|
| JENNIFER STARKEY | * | |
|     Plaintiff | * | |
| v. | * | Case No: 1:03CV01588 |
| PRINCE GEORGE'S COUNTY, MD., et al., | * | |
| | * | |
|     Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## *Memorandum In Support of Motion to Dismiss*

Prince George's County, Maryland, one of the Defendants, by undersigned counsel, submits this memorandum in support of its motion to dismiss for lack of jurisdiction over the person and improper venue.

## *Statement of the Case*

On July 24, 2003 the Plaintiff filed a complaint in the United States District Court for the District of Columbia against Prince George's County, Maryland[1] and numerous Prince George's County police officers alleging violations of 42 U.S.C.§ 1983 and the Maryland Constitution. The same complaint also lists counts of defamation against "America's Most Wanted " and "Fox Television". Thus far, only Prince George's County has been served.

---

[1] Prince George's County, Maryland is a chartered county located in the state of Maryland and organized pursuant to the laws of Maryland. *See* Md. Ann. Code of 1957, Article 25A. *See also* Complaint ¶ 10.

On August 25, 2003, the Plaintiff filed a *Praecipe of Voluntary Dismissal/Party* dismissing "America's Most Wanted" and "Fox Television" and requesting the Clerk to accept its amended complaint adding STF Productions, Inc. as a party. To date, no amended complaint has appeared in the court file.

The causes of action in the complaint are set forth below:

I.   42 U.S.C § 1983-False Arrest (Prince George's County officers).

II.  42 U.S.C § 1983-Unlawful Imprisonment (Prince George's County officers).

III  Article 24 Maryland Declaration of Rights-False Arrest (Prince George's County officers).

IV   Article 24 Maryland Declaration of Rights-Unlawful Imprisonment (Prince George's County officers).

V    Article 24 Maryland Declaration of Rights-False Arrest (Prince George's County, Maryland).

VI   Article 24 Maryland Declaration of Rights-Unlawful Imprisonment (Prince George's County, Maryland).

VII  42 U.S.C § 1983-Perjured Confession (Prince George's County officers).

VIII Articles 24 & 26 Maryland Declaration of Rights-Perjured Confession (Prince George's County, Maryland).

IX   Articles 24 & 26 Maryland Declaration of Rights-Perjured Confession (Prince George's County officers).

     X     Defamation (America's Most Wanted).

     XI    Defamation (Fox Television).

## *Factual Background*

On or about June 22, 2002, the Prince George's County Police Department Officers began an investigation into the death of Denise Mansfield, whose body was found in her home at 1411 Forest Lake Terrace in Mitchellville, Maryland. Complaint ¶ 18. Investigation into the matter revealed that after decedent's death her bank card was used at an ATM machine in Watkins Park, Maryland. The bank transaction was videotaped by a surveillance camera which captured the Plaintiff making a transaction at the bank machine with her friends Virginia and Shirley Shelton around the time that Denis Mansfield's stolen card had been used. The police investigation erroneously concluded that the Sheltons and Ms. Starkey were the individuals associated with the stolen bank card transaction. In fact, the Plaintiff and her friends were merely visiting the Washington area on vacation and were on their way to the Six Flags Over America Amusement Park on the day of the bank transaction. Id. ¶ 19-20.

On March 29th, 2003 an episode of America's Most Wanted featuring a segment on the Mansfield murder was broadcast across the country. Complaint ¶ 20-21. Detective Thomas Hollowell was present for the airing of the show at the Bethesda studio of America's Most Wanted. The Mansfield segment consisted of: 1) Video images from the surveillance camera at the Sun Trust bank in Mitchellville, Maryland showing Jennifer Starkey and her two friends during the course of an ATM withdrawal on June 22, 2002; 2) A photograph of Denise Mansfield; 3) Video footage of the Mansfield residence in Mitchellville, Maryland, and; 4) Video footage of Det. Hollowell talking about the victim during an interview with America's Most Wanted at the Criminal Investigation Division (CID) in

Landover, MD. The video images shown in the Mansfield segment were all taken in Maryland. Exhibit 1 (affidavit of Det. Hollowell).

Some time after the broadcast, a viewer called in to the police via the show and identified the ATM photograph of Jennifer Starkey as a friend of Shirley Shelton. Complaint ¶ 22. On April 22, 2003, almost a month after the alleged defamatory broadcast, Prince George's County detectives responded to Sierra Vista, Arizona and questioned Jennifer Starkey about the Mansfield case. Id. ¶ 24. On the same day Jennifer Starkey was charged in the District Court for Prince George's County, Maryland with the Mansfield murder and theft, and arrested in Arizona. Id. ¶ 24 and Exhibit 2 (affidavit of Det. Hollowell). Miss Starkey was subsequently extradited to Prince George's County, Maryland where she remained in jail until May 13, 2003. On that day Assistant State's Attorney Darlene Soltys entered Miss Starkey's case nolle prosequi after having compared bank records with the video tape and realizing that police charged the wrong person. Complaint ¶ 29-30.

## *Law*

Rule 12 of the Federal Rules of Civil Procedure provides that certain defenses may be made by way of preliminary motion. Among those defenses are lack of jurisdiction over the person, and improper venue. Fed. R. Civ. Proc. 12(b)(2)-(3).

### Subject Matter Jurisdiction

The Plaintiff asserts federal question jurisdiction for the federal claims and pendent jurisdiction for the state law claims. See Complaint ¶ 5-6.

**Venue**

The Plaintiff cites 28 U.S.C. 1391 as the basis for venue. Complaint ¶ 7. While the Plaintiff does not specify what section of 1391 she relies upon, it is clear, given the substance of the complaint, that the only section even arguably applicable is 1391(b)(2) which states:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as other wise provided by law, be brought only in....a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...

28 U.S.C. 1391(b)(2).

**Personal Jurisdiction**

The plaintiff bears the burden of pleading and proving sufficient facts upon which to find personal jurisdiction. *Pollack v. Meese*, 737 F.Supp. 663, 665-666 (D.D.C. 1990). Given the factual allegations of the complaint, the only even arguable basis for personal jurisdiction over Prince George's County is the D.C. long arm statute, the pertinent provisions of which are set forth below:

> § 13-423. Personal jurisdiction based upon conduct
>
> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's--
>
> (1) transacting any business in the District of Columbia;
> (2) contracting to supply services in the District of Columbia;
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
>
> ........................

D.C. Code § 13-423.

5

In addition to showing that the provisions of the long-arm statute have been satisfied, the Plaintiff also bears the burden of proving that the exercise of personal jurisdiction over the Defendant does not offend the due process clause. *See* Marshall v. Labor & Indus., 89 F. Supp. 2d 4, 8-9 (D.D.C. 2000).

> Even when the literal terms of the long-arm statute have been satisfied, a plaintiff must also show that the exercise of personal jurisdiction is within the permissible bounds of the due process clause. GTE New Media Servs., Inc., 199 F.3d at 1347. In other words, a plaintiff must show "minimum contacts" between the defendant and the forum so that the "maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement, et al., 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945). [**8]  HN6Under the "minimum contacts" standard, courts must insure that the defendant's conduct and connection with the forum "are such that he should reasonably anticipate being hauled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980).

*Marshall* at 9.

## *Argument*

In the instant case *none* of the events or omissions giving rise to the claims against Prince George's County, Maryland (or its officers) took place in the District of Columbia. The events that gave rise to the constitutionals claims are the torts that underlie those claims i.e. false arrest, unlawful imprisonment, and giving perjured testimony under oath. No others are alleged. It is undisputed that those alleged torts occurred in Prince George's County and/or Arizona.

The Plaintiff claims that venue is appropriate because the show containing the alleged defamatory remarks was "produced" in Washington, D.C. Complaint ¶ 7. Even assuming, for the sake of

argument, the accuracy of this claim[2], how could that fact possibly constitute a *substantial* part of the events that gave rise to the *constitutional* violations alleged to have been committed by Prince George's County and its officers??

Likewise, there are no facts in the complaint to support personal jurisdiction over Prince George's County, Maryland. As stated previously, it is without dispute that the alleged tortious injury from which the constitutional claims arose occurred in Maryland and/or Arizona, not Washington, D.C. Similarly, there are no facts to support a claim that those torts *arose* from the transaction of business in the District of Columbia.

## *Conclusion*

For all of the reasons stated herein, Prince George's County, Maryland respectfully requests that the claims against it be dismissed.

Respectfully submitted,

_____
D. Michael Lyles
Associate County Attorney
Trial Bar No. 453056
14741 Gov. Oden Bowie Drive
Room 5121
Upper Marlboro, MD 20772
(301)952-5225
FX (301)952-3071

---

[2] *But see* Exhibit 1 (affidvait of Det. Hollowell).

7

## *Certificate of Service*

I HEREBY CERTIFY that on September 14, 2003 a copy of the foregoing Motion to Dismiss was electronically filed with notice to:

Victor E. Long, Esquire
Reagen, Halperin & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

_____
D. Michael Lyles