# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

JENNIFER STARKEY                                    *
1000 Mimosa Circle                                  *
Sierra Vista, AZ  85635                             *
                                                    *
     Plaintiff,                 *
                                                    *
     v.                          *       Case No.:1:03CV01588
                                                    *
PRINCE GEORGE'S COUNTY, MARYLAND                    *
c/o Sean Wallace, Esquire                           *
Prince George's County Government                   *
Office of Law                                       *
14741 Governor Oden Bowie Drive                     *
Room 5121                                           *
Upper Marlboro, MD  20772                           *
                                                    *
     and                         *
                                                    *
BEN HOLLOWELL, INDIVIDUALLY AND IN                  *
HIS OFFICIAL CAPACITY AS DETECTIVE                  *
OF PRINCE GEORGE'S COUNTY                           *
POLICE DEPARTMENT                                   *
7600 Barlow Road                                    *
Landover, Maryland 20785                            *
                                                    *
     and                         *
                                                    *
BRETT MITCHELL, INDIVIDUALLY AND IN                 *
HIS OFFICIAL CAPACITY AS DETECTIVE                  *
OF PRINCE GEORGE'S COUNTY POLICE                    *
DEPARTMENT                                          *
7600 Barlow Road                                    *
Landover, Maryland 20785                            *
                                                    *
     and                         *

Regan,
Halperin & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

ROBERT J. FRANKENFIELD, INDIVIDUALLY     *
AND IN HIS OFFICIAL CAPACITY AS     *
OFFICER OF PRINCE GEORGE'S COUNTY     *
POLICE DEPARTMENT     *
7600 Barlow Road     *
Landover, Maryland 20785     *
    *
         **and**     *
    *
SHAWN CHANEY, INDIVIDUALLY AND IN     *
HIS OFFICIAL CAPACITY AS OFFICER OF     *
PRINCE GEORGE'S COUNTY POLICE     *
DEPARTMENT     *
7600 Barlow Road     *
Landover, Maryland 20785     *
    *
         **and**     *
    *
UNKNOWN NAMED POLICE OFFICERS     *
INDIVIDUALLY AND IN THIER OFFICIAL     *
CAPACITY AS OFFICERS OF     *
PRINCE GEORGE'S COUNTY POLICE     *
DEPARTMENT     *
7600 Barlow Road     *
Landover, Maryland 20785     *
    *
         **and**     *
    *
STF PRODUCTIONS, INC.     *
5151 Wisconsin Avenue, N.W.     *
Washington, D.C. 20016     *
    *
Serve: Authorized Agent,     *
Charles D. Tobin     *
2099 Pennsylvania Avenue, N.W.     *
Suite 100     *
Washington, D.C. 20006-6801     *
    *
         **Defendants.**     *

Regan,
Halperin & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

## AMENDED COMPLAINT FOR DAMAGES

(Violation of U.S. Constitutional Rights; Denial of Due
Process; False Arrest and Imprisonment; Violation of Articles 24 and 26 of the
Maryland Declaration Rights; and, Defamation of Character)

## INTRODUCTION

1.     This is an action brought pursuant to 42 U.S.C. § 1983, seeking damages against the individually named Defendants as Detectives and Police Officers of Prince George's County, Maryland for committing acts under color of law which deprived the Plaintiff of rights, privileges and immunities secured by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

2.     This action seeks damages against the individually named Defendant Detectives and Officers of Prince George's County, Maryland for committing acts under color of Maryland law which deprived Plaintiff of rights secured by the Maryland Declaration of Rights.

3.     This action seeks damages against Defendant Prince George's County, Maryland based upon the acts and omissions of Prince George's County Detectives and Police Officers, who deprived Plaintiff of rights secured by the Maryland Declaration of Rights.

4.     This action further seeks damages against Defendants STF Productions, Inc., the production company of "America's Most Wanted," for defamation of character.

## JURISDICTION AND VENUE

5.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and § 1343, since this is an action authorized by law to redress the deprivation under color of

Regan,
Halperin & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

law secured to the Plaintiffs by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

6.    The Plaintiffs also invoke the supplemental jurisdiction of this Court, over Plaintiffs' state law claims against the Defendants pursuant to 28 U.S.C. § 1367, as the state law claims form part of the same case or controversy.

7.    Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391, since the alleged defamation was published on America's Most Wanted, which is produced in the District of Columbia by STF Production, Inc., Channel 5, WTTG.

8.    On July 8, 2003, Defendant Prince George's County was given notice of these claims pursuant to the applicable statutory provisions, set forth in Md. Cts. & Jud Proc.§5-304.

**PARTIES**

9.    Jennifer Starkey brings this claim to recover personal damages and damages for money expended on her behalf by her parents, Michael and Monica Starkey.

10.    Prince George's County, Maryland is a Maryland municipal authority that at all times relevant herein, operated the Prince George's County Police Department.

11.    Upon information and belief, Detective Ben Hollowell, was a duly authorized member of the Prince George's County Police Department. Detective Hollowell is being sued in both his individual and official capacity.

Regan,
Halperin & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 4 -

12.   Upon information and belief, Detective Brett T. Mitchell, was a duly authorized member of the Prince George's County Police Department. Detective Mitchell is being sued in both his individual and official capacity.

13.   Upon information and belief, Officer Robert J. Frankenfield, was a duly authorized member of the Prince George's County Police Department. Officer Frankenfield is being sued in both his individual and official capacity.

14.   Upon information and belief, Officer Shawn Chaney, was a duly authorized member of the Prince George's County Police Department. Officer Chaney is being sued in both his individual and official capacity.

15.   Upon information and belief, Unknown Named Police Officers, were duly authorized members of the Prince George's County Police Department. Unknown named Police Officers are being sued in both their individual and official capacity.

16.   Defendant STF Productions, Inc. is a national broadcasting company which, at all times relevant to the Complaint, transmitted a television show known as "America's Most Wanted". Said program was produced in the District of Columbia and was broadcast throughout the country.

17.   Defendant "America's Most Wanted" is a television program that is produced and directed by Defendant Fox Television in Washington, D.C.

## FACTS

18.   On or about June 22, 2002, Prince George's County Police Department Officers began an investigation into the death of Denise Mansfield, whose body was found in her home located at 1411 Forest Lake Terrace, Mitchellville, Maryland.

Regan,
Halperin & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

19.   According to agents and/or employees of Defendant Prince George's County Police Department, Denise Mansfield's ATM card was used, after her murder, at a Watkins Park, Maryland banking facility on June 22, 2002.  A surveillance camera recorded all ATM transactions made that day.  At approximately 3:00 p.m. on June 22, 2002, Jennifer Starkey used the ATM facility to make a lawful transaction with her own ATM card and was recorded by the video camera.  The Plaintiff and her friends, Virginia Shelton and Shirley Shelton, were on a family vacation and visiting the Washington, D.C. area for the purpose of sight-seeing and were on their way to the Six Flags Over America Amusement Park.  The transactions were recorded on the ATM machine ledger and videotaped by the surveillance camera.

20.   Despite the immediate availability of records showing Plaintiff Starkey's lawful transaction and without seeking to verify and correct time discrepancies between Plaintiff Starkey's lawful transaction and the time listed on the surveillance camera, Defendant Police Officers published the photographs of Plaintiff Starkey, as well as Shirley and Virginia Shelton stating that the three were murder suspects.  The photographs were published on the Prince George's County Website, as well as other media, including America's Most Wanted.

21.   Prior to March 29, 2003, Defendant STF Productions, Inc. through its agents, servants, and employees, began production of a program segment devoted to the murder of Denise Mansfield.  Upon information and belief, said production included a thorough investigation including discussions regarding the case with police officers and

Regan,
Halperin & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 6 -

detectives from Defendant Prince George's County.  In addition, said preparations included knowledge that Plaintiff Starkey, as well as Shirley and Virginia Shelton, were pictured on video surveillance camera and that there was an ATM machine transaction record which identified persons, via their account number, lawfully using the machine. Despite said knowledge, as well as transaction records and video surveillance records showing significant time discrepancies, Defendant STF Productions, Inc. and America's Most Wanted broadcasted the videotape of Plaintiff Starkey lawfully using her ATM card. However, Defendants Fox Television and America's Most Wanted stated during the broadcast that Plaintiff Starkey was videotaped using the stolen credit card or ATM of the murder victim, Denise Mansfield, and was wanted for the murder.  Defendant STF also published a wanted poster containing the same or similar information that were disseminated by Defendant STF via Internet through out the country.

22.   On or about March 31, 2003, Prince George's County Police Officers, including Defendants Mitchell and Hallowell, received information from a viewer of the March 29th America's Most Wanted program, that the suspects lived in Sierra Vista, Arizona.  The unidentified informant said that she did not know Plaintiff Starkey's name but identified her as a friend of Shirley Shelton.

23.   On or about April 14, 2003, Detective Mitchell met with other police officials to discuss the case.

24.   On or about April 22, 2003, Defendant Police Officers, including Detective Mitchell, entered the Buena Vista High School located in Sierra Vista,

Regan,
Halperin & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

Arizona, and unlawfully detained Plaintiff Starkey during class and took her to the Sierra Vista Police Station.   Thereafter, Defendant Police Officers subjected Plaintiff Starkey to a lengthy and hostile police interrogation.   During said interrogation, Defendant Police Officers told Plaintiff Starkey facts about the investigation that they knew to be untrue.   Said acts were intended to coerce a false confession from Plaintiff Starkey. However, despite such techniques, Plaintiff Starkey denied that she used anyone else's ATM card on the date in question.

25.   On or about April 23, 2003, Defendant Police Officers were provided with a copy of Plaintiff Jennifer Starkey's ATM statement.   The ATM statement clearly showed that Ms. Starkey was the lawful user of her ATM card on the date and place in question.

26.   Upon information and belief, despite the fact that Plaintiff Jennifer Starkey maintained her innocence and stated that her use of her ATM card was lawful, Defendant Police Officers falsely stated, under oath, in police and court documents that Jennifer Starkey admitted to using the stolen ATM or credit card of Denise Mansfield.

27.   Plaintiff Jennifer Starkey, was extradited to Prince George's County and thereafter, spent nearly a month incarcerated in jail in Prince George's County.

28.   During her incarceration, Michael Starkey and his wife, Monica Starkey, made numerous telephone calls from Sierra Vista, Arizona, and Michael Starkey traveled to Prince George's County for the purpose of obtaining legal representation in order to free his innocent daughter from incarceration.

Regan,
Halperin & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 8 -

29.   On or about May 13, 2003, Assistant State's Attorney Darlene M. Soltys examined the evidence that was in the possession of the Defendant police officers on the day of Plaintiff Jennifer Starkey's arrest.  Based upon the examination of said evidence, Assistant Attorney Soltys immediately determined that Jennifer Starkey's arrest was erroneous and without legal foundation.  Therefore, all charges against Plaintiff Jennifer Starkey were dismissed via *nolle prosequi,* for insufficient evidence and Plaintiff Starkey was released on or about May 13, 2003.

30.   As a result of the State's Attorney immediately determining that she had been unlawfully charged with murder and was innocent, Jennifer Starkey was released from jail on May 13, 2003.

31.   Defendant STF Inc., failed to take reasonable steps to retract its false allegations including the wanted posters which were disseminated even after Jennifer Starkey was released.

## COUNT I
### (Defendants Detectives and Police Officers, Individually; Deprivation of United States Constitutional Rights Pursuant to 42 U.S.C. § 1983: False Arrest)

32.   Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 31 above.

33.   The Defendants in this Count include Detectives Ben Hollowell and Brett Mitchell, as well as police officers Robert J. Frankenfield and Shawn Chaney, and, each Unknown named Police Officer (hereinafter Defendant Police Officers) individually and in concert.

Regan,
Halperin & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 9 -

34.    The aforementioned Defendant Police Officers, under color of statute, regulation, custom, or usage of the Prince George's County, caused Jennifer Starkey to be subjected to a deprivation of her right to be free from false arrest.

35.    The rights set forth in the preceding paragraph are secured to Plaintiff by the provision of the Fourth Amendment and, the due process clause of the Fifth and Fourteenth Amendments of the Constitution of the United States, as well as 42 U.S.C. § 1983 and the laws of the United States.

36.    Having caused the aforementioned deprivation of civil rights, the Defendant Police Officers are liable to Jennifer Starkey in this action at law, pursuant to 42 U.S.S. §. 1983.

37.    As a direct and proximate result of the acts and/or omissions of Defendant Police Officers, Plaintiff Jennifer Starkey suffered a loss of liberty, shame, humiliation, mental pain and anguish, emotional suffering, and all other damages recoverable pursuant to law.

## COUNT II
### (Defendants Detectives and Police Officers, Individually; Deprivation of United States Constitutional Rights Pursuant to 42 U.S.C. § 1983: Unlawful Imprisonment)

38.    Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 37 above.

39.    The Defendants in this Count include Detectives Ben Hollowell and Brett

Regan,
Halperin & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 10 -

Mitchell, as well as police officers Robert J. Frankenfield and Shawn Chaney, and each

Unknown named Police Officer (hereinafter Defendant Police Officers) individually and

in concert.

40.     The aforementioned Defendant Police Officers, under color of statute,

regulation, custom, or usage of the State of Maryland, caused Jennifer Starkey to be

subjected to a deprivation of her right to be free from unlawful imprisonment.

41.     The rights set forth in the preceding paragraph are secured to Plaintiffs by

the provision of the Fourth Amendment and the due process clause of the Fifth and

Fourteenth Amendments of the Constitution of the United States, as well as 42 U.S.C. §

1983 and the laws of the United States.

42.     Having caused the aforementioned deprivation of civil rights, the

Defendant Police Officers are liable to Jennifer Starkey in this action at law, pursuant to

42 U.S.C. § 1983.

43.     As a direct and proximate result of the acts and/or omissions of Defendant

Police Officers, Plaintiff Jennifer Starkey suffered a loss of liberty, shame, humiliation,

mental pain and anguish, emotional suffering, and all other damages recoverable

pursuant to law.

### COUNT III
**(Defendant Detectives and Police Officers; Violation of Article 24 of the<br>Maryland Declaration of Rights: False Arrest)**

44.     Plaintiff incorporates herein by reference the allegations contained in

paragraphs 1 through 43 above.

Regan,
Halperin & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

45.     The Defendants in this Count shall include Detectives Ben Hollowell and Brett Mitchell, as well as police officers Robert J. Frankenfield and Shawn Chaney, and, each Unknown Named Police Officer (hereinafter Defendant Police Officers).

46.     The aforementioned Defendant Police Officers, under color of statute, regulation, custom, or usage of the State of Maryland, caused Jennifer Starkey to be subjected to a deprivation of her rights, privileges, and immunity to be free from false arrest.

47.     All of the rights set forth above are secured to Plaintiffs by Article 24 of the Maryland Declaration of Rights.

48.     Having caused the aforementioned deprivation of civil rights, the Defendant Police Officers are liable to Jennifer Starkey in this action at state law.

49.     As a direct and proximate result of the acts and/or omissions of Defendant Police Officers, Plaintiff Jennifer Starkey suffered a loss of liberty, shame, humiliation, mental pain and anguish, emotional suffering, and all other damages recoverable pursuant to law.

## COUNT IV
### (Defendant Detectives and Police Officers Violation of Article 24 of the Maryland Declaration Rights: Unlawful Imprisonment)

50.     Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 49 above.

Regan,
Halperin & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 12 -

51.    The Defendants in this Count shall include Detectives Ben Hollowell and Brett Mitchell, as well as police officers Robert J. Frankenfield and Shawn Chaney, and, each Unknown Named Police Officer (hereinafter Defendant Police Officers).

52.    The aforementioned Defendant Police Officers, under color of statute, regulation, custom, or usage of the State of Maryland caused Jennifer Starkey to be subjected to a deprivation of her rights, privileges, and immunity to be free from unlawful imprisonment.

53.    All of the rights set forth above are secured to Plaintiff by Article 24 of the Maryland Declaration of Rights.

54.    Having caused the aforementioned deprivation of civil rights, the Defendant Police Officers are liable to Jennifer Starkey in this action at state law.

55.    As a direct and proximate result of the acts and/or omissions of Defendant Police Officers, Plaintiff Jennifer Starkey suffered a loss of liberty, shame, humiliation, mental pain and anguish, emotional suffering, and all other damages recoverable pursuant to law.

### COUNT V
**(Prince George's County, Maryland; Violation of Article 24 of Maryland Declaration of Rights: False Arrest)**

56.    Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 55 above.

57.    The aforementioned Defendant Police Officers, under color of statute, regulation, custom, or usage of the State of Maryland caused Jennifer Starkey to be

Regan,
Halperin & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

subjected to a deprivation of her rights, privileges, and immunity to be free from false arrest.

58.   At all times relevant to the Complaint, the Defendant Police Officers were acting within the scope of their duty and employment with Prince George's County. Therefore, Defendant Prince George's County is liable based upon *respondeat superior*.

59.   As a direct and proximate result of the vicarious acts and/or omissions of Defendant Police Officers, Prince George's County, Maryland, caused Plaintiff Jennifer Starkey to suffer a loss of liberty, shame, humiliation, mental pain and anguish, emotional suffering, and all other damages recoverable pursuant to law.

## COUNT VI
### (Prince George's County, Maryland; Violation of Article 24 of the Maryland Declaration Rights: Unlawful Imprisonment)

60.   Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 59 above.

61.   The aforementioned Defendant Police Officers, under color of statute, regulation, custom, or usage of the State of Maryland caused Jennifer Starkey to be subjected to a deprivation of her rights, privileges, and immunity to be free from unlawful imprisonment.

62.   At all times relevant to the Complaint, the Defendant Police Officers Defendants were acting within the scope of their duty and employment with Prince George's County.   Therefore, Defendant Prince George's County is liable based upon *respondeat superior*.

Regan,
Halperin & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 14 -

63.    As a direct and proximate result of the vicarious acts and/or omissions of Defendant Police Officers, Prince George's County, Maryland, caused Plaintiff Jennifer Starkey to suffer a loss of liberty, shame, humiliation, mental pain and anguish, emotional suffering, and all other damages recoverable pursuant to law.

## COUNT VII
### (Defendant Detectives and Police Officers, Individually; Deprivation of United States Constitutional Rights Pursuant to 42 U.S.C. Section 1983: Perjured Confession)

64.    Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 63 above.

65.    The Defendants in this Count include Detectives Ben Hollowell and Brett Mitchell, as well as police officers Robert J. Frankenfield and Shawn Chaney, and, each Unknown named Police Officer (hereinafter Defendant Police Officers), individually and in concert.

66.    Upon information and belief, the aforementioned Defendant Police Officers, under color of statute, regulation, custom, or usage of the Prince George's County, caused Jennifer Starkey to be subjected to a deprivation of her right to be free from intentional, willful and wanton presentation of an erroneous confession to a court of law, while said Police Officers were sworn under pain of perjury. .

67.    The rights set forth in the preceding paragraph are secured to Plaintiff by the provisions of the Fourth Amendment and the due process clause of the Fifth and Fourteenth Amendments of the Constitution of the United States, as well as 42 U.S.C. § 1983, and the laws of the United States.

Regan,
Halperin & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 15 -

68.   Having caused the aforementioned deprivation of civil rights, the Defendant Police Officers are liable to Jennifer Starkey in this action at law, pursuant to 42 U.S.C. § 1983.

69.   As a direct and proximate result of the acts and/or omissions of Defendant Police Officers, Plaintiff Jennifer Starkey suffered a loss of liberty, shame, humiliation, mental pain and anguish, emotional suffering, and all other damages recoverable pursuant to law.

## COUNT VIII
**(Defendant Detectives and Police Officers; Violations of Articles 24 and 26 of the Maryland Declaration of Rights: Perjured Confession)**

70.   Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 69 above.

71.   The Defendants in this Count include Detectives Ben Hollowell and Brett Mitchell, as well as police officers Robert J. Frankenfield and Shawn Chaney, and, each Unknown named Police Officer (hereinafter Defendant Police Officers), individually and in concert.

72.   Upon information and belief, the aforementioned Defendant Police Officers, under color of statute, regulation, custom, or usage of the Prince George's County, caused Jennifer Starkey to be subjected to a deprivation of her right to be free from intentional, willful and wanton presentation of an erroneous confession to a court of law under pain of perjury, while said Defendant Police Officers were sworn under pain of perjury.

Regan,
Halperin & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 16 -

73.    All of the rights set forth above are secured to Plaintiff by the provisions of Articles 24 and 26 of the Maryland Declaration of Rights.

74.    Having caused the aforementioned deprivation of civil rights, the Defendant Police Officers are liable to Jennifer Starkey in this action at state law.

75.    As a direct and proximate result of the acts and/or omissions of Defendant Police Officers, Plaintiff Jennifer Starkey suffered a loss of liberty, shame, humiliation, mental pain and anguish, emotional suffering, and all other damages recoverable pursuant to law.

## COUNT IX
### (Prince George's County, Maryland:  Violation of Articles 24 and 26 of the Maryland Declaration of Rights: Perjured Confession)

76.    Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 75 above.

77.    The aforementioned Defendant Police Officers, under color of statute, regulation, custom, or usage of the State of Maryland caused Jennifer Starkey to be subjected to the intentional willful and wanton presentation of an erroneous confession, while said Defendant Police Officers were sworn under pain of perjury.

78.    All of the rights set forth above are secured to Plaintiff by the provision of Articles 24 and 26 of the Maryland Declaration of Rights.

79.    At all times relevant to the Complaint, the Defendant Police Officers were acting within the scope of their duty and employment with Prince George's County. Therefore, Defendant Prince George's County is liable based upon *respondeat superior*.

Regan,
Halperin & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 17 -

80.     As a direct and proximate result of the vicarious acts and/or omissions of Defendant Police Officers, Prince George's County, Maryland, caused Plaintiff Jennifer Starkey to suffer a loss of liberty, shame, humiliation, mental pain and anguish, emotional suffering, and all other damages recoverable pursuant to law.

## COUNT X
### (America's Most Wanted: Defamation)

81.     Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 80 above.

82.     Defendant, America's Most Wanted through its nationally televised programming, negligently, with malice, and with wanton and reckless disregard for the fourth, published Plaintiff Jennifer Starkey's photograph along with statements, including, but not limited to:

      a.     Plaintiff Starkey was in the possession of a stolen credit card;

      b.     That Plaintiff Starkey was guilty of theft by way of using a stolen ATM card; and

      c.     That Plaintiff Starkey murdered Denise Mansfield.

Each statement intended to expose Plaintiff Starkey to public scorn, hatred, contempt, and ridicule to a third person who reasonably recognized the statements to be defamatory.

83.     Each statement listed in paragraph 1, above, was false.

84.     Defendant STF Productions, Inc. was at fault in communicating each said statement.

Regan,
Halperin & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

85.     As a direct and proximate result of the acts and/or omissions of Defendant STF Productions, Inc., Plaintiff Jennifer Starkey suffered a loss of liberty, shame, humiliation, mental pain and anguish, emotional suffering, and all other damages recoverable, including punitive damages pursuant to law.

**COUNT XI**
**(STF Productions, Inc.: Defamation)**

86.     Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 85 above.

87.     Defendant, America's Most Wanted through its nationally televised programming, negligently, with malice and wanton and reckless disregard for the fourth published Plaintiff Jennifer Starkeys' photograph along with statements, including, but not limited to:

a.     Plaintiff Starkey was in the possession of a stolen credit card;

b.     That Plaintiff Starkey was guilty of theft by way of using a stolen ATM card; and

c.     That Plaintiff Starkey murdered Denise Mansfield.

Each statement intended to expose Plaintiff Starkey to public scorn, hatred, contempt, and ridicule to a third person who reasonably recognized the statements to be defamatory.

88.     Each statement listed in paragraph 86, above, was false.

89.     Defendant STF Productions, Inc. was at fault in communicating each said statement.

Regan,
Halperin & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

90.    As a direct and proximate result of the acts and/or omissions of Defendant STF Productions, Inc., Plaintiff Jennifer Starkey suffered a loss of liberty, shame, humiliation, mental pain and anguish, emotional suffering, and all other damages including punitive damages recoverable pursuant to law.

## REQUEST FOR DAMAGES

WHEREFORE, Plaintiff, demands judgment in the full amount of Twenty Million Dollars ($20,000,000) in compensation for all of her damages recoverable under the laws and the Declaration of Rights of the State of Maryland and/or the laws or Constitution of the United States including, but not limited to damages for loss of liberty, shame, humiliation, mental pain and anguish, emotional suffering, and all other damages recoverable, including punitive damages, pursuant to law, as well as travel expenses, attorney's fees related to the wrongful prosecution, telephone bills, and all other damages incurred as a result of the incidents alleged herein.

## JURY DEMAND

The Plaintiffs, by and through their undersigned counsel, request a trial by jury on all of the above claims.

Regan,
Halperin & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 20 -

Respectfully submitted,

REGAN, HALPERIN & LONG, P.L.L.C.


By: _____
      Patrick M. Regan      #336107


By: _____
      Victor E. Long      #323634


By: _____
      Andrew Jezic      #455091
      1919 M Street, N.W., Suite 350
      Washington, D.C. 20036
      (202) 463-3030
      Attorneys for Plaintiffs

Regan,
Halperin & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030